IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY LOVELACE MARTIN, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00527 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JUDGE CHARLES STRAUSS, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Jerry Lovelace Martin, Jr., a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. Martin alleges that he wrote to "Judge Charles Strauss" and attorney Jeffrey R. Fox, asking to see his "motion of discovery," but they said he could not see it. Martin also alleges that he wrote to attorney James Ghee and "Commonwealth's Attorney Matthew Freedman" "for all [his] papers and motion of discovery," but they said he "was not allowed." Martin states that he "want[s] to file for due process of the law," and, as relief, he asks the court to modify or reduce his unspecified sentence. However, it is well settled that an inmate's sole federal remedy to request a speedier release from custody is a properly-filed petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Accordingly, the court will dismiss Martin's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim.[1]

Entered: October 28, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[1] While the court has a duty to liberally construe the pleadings of *pro se* litigants, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the court declines to construe Martin's complaint as a petition for a writ of habeas corpus because it does not comply with Rule 2 of the Rules Governing Section 2254 Cases, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).